David M. Birka-White (State Bar No. 85721)
dbw@birka-white.com
BIRKA-WHITE LAW OFFICES
Steven T. Knuppel (State Bar No. 164710)
LAW OFFICES OF STEVEN T. KNUPPEL
178 E. Prospect Avenue
Danville, CA 94526
Telephone: (925) 362-9999
Facsimile:  (925) 362-9970

John D. Green (State Bar No. 121498)
jgreen@fbm.com
FARELLA BRAUN & MARTEL LLP
235 Montgomery Street, Suite 1700
San Francisco, CA 94104
Telephone: (415) 954-4400
Facsimile:  (415) 954-4480

[Additional Counsel Listed on Signature Page]

Attorneys for Individual and Representative
Plaintiffs MYRA DICKERT and HOWARD DICKERT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA DICKERT and HOWARD DICKERT, on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>SANYO ENERGY (U.S.A.) CORPORATION; SANYO NORTH AMERICA CORPORATION; PANASONIC CORPORATION OF NORTH AMERICA; and DOES 1-20, inclusive,<br><br>                    Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTION**<br><br>**CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

Plaintiffs MYRA DICKERT and HOWARD DICKERT ("Plaintiffs" or the "Dickerts"), on behalf of themselves and all others similarly situated, allege as follows:

## I.    **INTRODUCTION**

1.      This case arises out of the manufacture and sale of photovoltaic modules ("SANYO Panels") manufactured and marketed by Defendant SANYO Energy (U.S.A.) Corporation ("Defendant" or "SANYO") from approximately 2001 to 2010. This lawsuit applies to all solar photovoltaic panel models within and similar to the HIP-xxxBA3 series, including but not limited to model numbers HIP-180BA3, HIP-186BA3, HIP-190BA3, HIP-195BA3, and HIP-200BA3 ("BA3 Series Panels"), and additional similar models within other series, possibly including but not limited to the HIP-xxxDA3 and HIP-xxxBA19 series (collectively, "SANYO Panels").

2.      The specific years during which the relevant panels were manufactured and marketed are unknown to Plaintiffs at this time.  Plaintiffs also have insufficient information at this time to specify all series or models of panels falling within the class, because Plaintiffs lack full knowledge of the basis on which SANYO ascribed model numbers to particular panels.  Once this information is ascertained, Plaintiffs will amend the complaint to assert the exact class period and the specific models and/or series of panels that constitute the class.

3.      A defect in a component of the SANYO Panels causes the SANYO Panels to progressively lose actual power output and to fail, resulting in power output degradation.  This defect and power output degradation causes serious safety risks, including the risk of fire.  The SANYO Panels cannot be repaired.  The SANYO Panels must be removed and replaced.

4.      SANYO has long been aware of the defects alleged herein and has failed to disclose said defect to purchasers before and after awareness of the defect.

5.      Plaintiffs seek recovery on behalf of themselves and all owners who purchased the SANYO Panels or purchased properties on which the SANYO Panels were installed (the "Class") for breach of express and implied warranties.  After discovery is conducted, Plaintiffs anticipate the complaint may be amended to include causes of action for violation of the provisions of the California and New Jersey consumer protection and unfair business practice statutes.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 2 -                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

## II.    PARTIES AND VENUE

6.    Defendant SANYO was a Delaware corporation from 1987 until 2009. SANYO Energy's principal place of business was located at 2055 SANYO Avenue, San Diego, California 92154, from approximately 1997 until sometime during 2008, including the times at which Plaintiffs' panels were manufactured and marketed.  SANYO Energy ceased to exist on July 1, 2009, when it was merged into SANYO North America Corporation.

7.    Defendant SANYO North America Corporation ("SANYO NA") was a Delaware corporation from 1977 until 2015.  During the entirety of the Class period, SANYO NA's principal place of business was located at 2055 SANYO Avenue, San Diego, California 92154.  SANYO NA ceased to exist on April 1, 2015, when it was merged into Panasonic Corporation of North America.

8.    Prior to April 1, 2015, SANYO NA was a subsidiary of SANYO Electric Company, Inc. ("SANYO Electric"). SANYO Electric and its subsidiaries became consolidated subsidiaries of Panasonic Corporation ("Panasonic") in 2009 and became wholly owned subsidiaries of Panasonic in 2011.

9.    Defendant Panasonic Corporation of North America ("Panasonic NA") is a Delaware corporation with its principal place of business located at Two Riverfront Plaza, Newark, New Jersey 07102, and is a wholly owned subsidiary of Panasonic Corporation.

10.    All references to "SANYO" herein are intended to refer individually and/or collectively to Defendants SANYO Energy, SANYO NA, and Panasonic NA, as the context requires.

11.    Plaintiffs Myra Dickert and Howard Dickert are residents of Mansfield, New Jersey. On or about September 19, 2005, Plaintiffs purchased a solar energy system which included forty-three (43) SANYO Panels (Model #HIP-200BA3) at a cost of Twenty-Two Thousand Fifty-Nine and 00/Dollars ($22,059.00).

12.    Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 20, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this complaint to allege their true names and capacities when they are ascertained.  Plaintiffs

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 3 -                                                    Case No.
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1  are informed and believe that each of the fictitiously named Defendants is responsible in some

2  manner for the occurrences herein alleged and that the damages suffered by Plaintiffs and the Class,

3  were proximately caused by their conduct.

4      13.    Plaintiffs are informed and believe that all Defendants, including the fictitious Doe

5  Defendants 1 through 20, were at all relevant times acting as actual or ostensible agents,

6  conspirators, partners, joint venturers or employees of all other Defendants and that all acts alleged

7  herein occurred within the course and scope of that agency, employment, partnership, or enterprise,

8  and with the express or implied permission, knowledge, consent, authorization and ratification of

9  their co-Defendants.

10     14.    This Court has jurisdiction over this action pursuant to the Class Action Fairness

11 Act, 28 U.S.C. § 1332(d), because this is a class action in which (1) there are at least 100 class

12 members in the proposed class; (2) the combined claims of the proposed class members exceed

13 Five Million and 00/100 Dollars ($5,000,000.00) exclusive of interest and costs; and (3) there is

14 minimal diversity as Plaintiffs and certain members of the proposed class are citizens of the State

15 of New Jersey and Defendant is a citizen of California and other states at the time of the sale herein

16 including Delaware.

17     15.    This Court has personal jurisdiction over Defendant because Defendant's principal

18 place of business is located in California and Defendant has purposefully availed itself of the

19 privilege of conducting business activities in the State of California and has maintained systematic

20 and continuous business contacts within the State of California, thus rendering the exercise of

21 jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

22     16.    Venue is proper in this District pursuant to 28 §§ 1391(b)(1), (c)(2) & (d) because

23 Defendant's principal place of business is located in California and, Defendant has purposefully

24 availed itself of doing business in the Northern District of California and has maintained continuous

25 and systematic business contacts with the Northern District of California, including but not limited

26 to having warranty claims processed in Cupertino, California.

27 / / /

28 / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 4 -                                                              Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

III.    **FACTUAL ALLEGATIONS**

     A.    **The Latent Defect in the SANYO Panels and Its Effects**

17.    SANYO Panels are installed on racks which are mounted on the roof or, occasionally, racks installed on the ground.

18.    The SANYO Panels are connected together by electric cables to achieve a desired output voltage. The failure of a single SANYO Panel will cause the panels connected to it to reduce output or stop functioning, resulting in a substantial reduction of the capacity of the SANYO Panels to produce electricity.

19.    Because of the defect, all SANYO Panels relevant to this litigation have failed or will fail before the end of their expected useful life.

20.    There is no way to repair the defect in the SANYO Panels and restore their promised and warranted functionality. The only means for addressing the failure of the SANYO Panels is to remove them and replace them with other solar panels.

21.    The defect in the SANYO Panels is latent and not discoverable until the customer becomes aware of the reduction in power. Even when there is a degradation in power output, substantial time can pass between the failure and discovery because the SANYO Panels are on the roof and not typically or easily monitored. When customer made inquiries or warranty claims to SANYO, SANYO intentionally withheld information about the cause of the panel failure and loss of power from Plaintiffs and class members.

22.    SANYO has ceased manufacturing the solar panels that are the subject of this lawsuit. SANYO maintains no inventory of comparable SANYO Panels.

     B.    **SANYO's Knowledge and Suppression of the Defect in the SANYOr Panels**

23.    Plaintiffs and other SANYO customers and class members have reported failures of the SANYO Panels to their installers. The installers reported the failures to their distributors, who in turn reported the failures to SANYO. Installers also reported failures directly to SANYO when submitting warranty claims on behalf of their customers.

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 5 -

Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

24.     SANYO customers returned numerous SANYO Panels with power output failures. The appearance and condition of every returned SANYO Panels was essentially identical and was immediately understood by SANYO engineers to be caused by a defect in the design of the panels

25.     On information and belief, SANYO engineers were instructed by their superiors to investigate the failures.  SANYO engineers investigated the failures and regularly reported their findings to their superiors both orally and in writing.  SANYO engineers determined that the cause of the failures.

26.     On information and belief, SANYO tested the failed panels proving that the SANYO Panels were defective and created a fire safety risk.  SANYO engineers quickly understood that the power reduction defect and failures could not be repaired and disposed to premature failure.

27.     On information and belief, these findings were brought to the attention of numerous SANYO employees, including Vice Presidents in the manufacturing, sales and marketing, and engineering departments.

28.     SANYO has insisted that consumers return their defective SANYO Panels to SANYO whenever they asserted a warranty claim for replacement of a failed SANYO Panel.  In this way, SANYO further suppressed information about the known defect by preventing customers from conducting independent tests of the SANYO Panels which would have revealed the cause of failure.  Then, upon receipt of the returned SANYO Panels, SANYO routinely destroyed the evidence by discarding the returned SANYO Panels.

29.     For the last several years, whenever a defective SANYO Panel was removed by the installer and a replacement SANYO Panel was requested from SANYO under the terms of the SANYO Express Warranty ("Warranty"), a SANYO claim form had to be submitted with, among other things, the following information: (1) date of the claim, (2) name of the distributor/dealer/installer, (3) product name and serial number, and (4) the cause of the failure with photographs.  The information was entered into a database.  Using the serial numbers, SANYO is able to determine the date and manufacturing location for each SANYO Panels.  This database evidences SANYO's comprehensive knowledge of the failures and the commonality and similarity of the failures.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 6 -                                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

30.     Although SANYO knew that the defect represented a safety risk and would ensure that consumers would not receive the benefits of ownership promised by SANYO, SANYO did not disclose the defect to its distributors, sellers, installers or others in the chain of distribution.  Instead, SANYO actively concealed the defect.  SANYO withheld known information about the defect from its distributors, sellers, and installers who inquired about the cause of the failed SANYO Panels.

31.     At all times relevant hereto, SANYO was under a continuous duty to disclose to distributors, sellers, installers and end users: (1) the defect in the SANYO Panels, (2) the safety issues related thereto, including the risk of fire, (3) the existence of numerous returns of SANYO Panels related to the defect. SANYO had this duty because the facts it failed to disclose:  (1) are contrary to representations made by SANYO that the SANYO Panels were not defective in design or workmanship, that they would produce the rated power for twenty (20) years, that they were safe and that they had a track record of safe operation; (2) relate to a safety issue; (3) were material facts in the exclusive knowledge of SANYO and unknown to anyone else; (4) were material and actively concealed by SANYO; and (5) constituted information omitted from statements made by SANYO concerning the safety and reliability of the SANYO Panels.

32.     SANYO's refusal to correct the defective design of the SANYO Panels represented a knowing subordination of the interests of consumers to safe and effective solar power to the interest of  SANYO avoid its warranty obligations and thereby increase profit.  SANYO's failure to disclose the facts to distributors, sellers, installers and end users was deliberate and unconscionable.

### C.     Defendant's Warranties and Representations

#### 1.     The SANYO Warranty

33.     SANYO issued a written warranty (the "Warranty") for the SANYO Panels which states that: (1) the SANYO Panels will be "free from defects in materials and workmanship" for five (5) years (the "Workmanship Warranty"); and (2) the SANYO Panels will produce at least ninety percent (90%) of their minimum peak power output for a period of ten years and at least eighty percent (80%) for 20 years from the date of installation (the "Power Warranty

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 7 -                                                    Case No.
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

34.     The Warranty is enforceable by "(i) original and user purchaser… or any subsequent owner of the location, or subsequent title holder of the product…"  Plaintiffs are an original end user purchaser of the SANYO Panels. Plaintiffs are thus entitled to enforce the provisions of the Warranty.

35.     The Warranty provides that: (1) in the event of a breach of either Warranty, SANYO may repair or replace the "Products" with new or refurbished product; or either (2) repair or replace the SANYO Panels or provide additional new or refurbished product to restore deficient output; or (3) refund the purchase price.

36.     Because SANYO no longer makes the product and there are no replacement products with comparable dimensions or color available in the marketplace, SANYO cannot in fact replace the panels with SANYO Panels.  Nor is it possible for SANYO to repair the SANYO Panels. Instead SANYO is replacing failed SANYO Products with Panasonic Solar Panels - a product that has dissimilar dimensions and color.  Specifically, the Panasonic replacements are silver, not black as are the SANYO Panels.  Accordingly, the remedies offered by the Warranty fail of their essential purpose, *i.e.*, to put the purchaser in the position he or she would have enjoyed but for the breach of the Warranty.  The only effective remedy for breach of the Warranty is to remove the existing SANYO Panels and replace them with suitable solar panels manufactured by others.

37.     The Warranty purports to limit the rights and remedies of purchasers of the SANYO Panels described as 'the product" in the following particulars:

a.     SANYO disclaims responsibility for "the costs of any on-site labor and any costs associated with the removal, packaging, reinstallation, transportation and related costs and fees of [the SANYO Panels] or any components thereof for service;"

b.     SANYO purports to disclaim any implied warranties, including the warranties of merchantability and fitness for a particular use;

c.     SANYO purports to disclaim responsibility for "incidental, consequential or special damages, loss of use, loss of production, or loss of revenues for any reason whatsoever.

///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 8 -                                                                 Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

d.     The Warranty purports to limit SANYO's "maximum liability under any warranty, expressed, implied, or statutory, or for any manufacturing or design defects" to "the purchase price of the product;"

e.     The Warranty purports to provide that it "shall constitute the only warranty applicable to the product."

38.     Each of these purported limitations and exclusions (the "Warranty Exclusions") is unenforceable against Plaintiffs and the Class.  The Warranty Exclusions were not bargained for by SANYO and its customers but were imposed unilaterally by SANYO.  The Warranty Exclusions are unfair in that they are outside the reasonable expectations of the parties thereto, deny consumers an effective remedy and purport to limit the rights of consumers in ways that are unenforceable under relevant state and federal law including, without limitation, the Song-Beverly Consumer Warranty Act and Magnuson-Moss Warranty Act.

39.     The Warranty Exclusions are also unfair in that they purport to limit the rights of SANYO's customers to repair or replacement of a product which cannot be repaired and for which SANYO has no replacement.

a.     The Warranty Exclusion's purported: (1) limitation of SANYO's liability to the cost of the SANYO Panels; SANYO disclaims responsibility for "the costs of any on-site labor and any costs associated with the removal, packaging, reinstallation, transportation and related costs and fees of [the SANYO Panels] or any components thereof for service;"

b.     SANYO purports to disclaim any implied warranties, including the warranties of merchantability and fitness for a particular use;

c.     SANYO purports to disclaim responsibility for "incidental, consequential or special damages, loss of use, loss of production, or loss of revenues for any reason whatsoever.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

40.    Similarly, the increased cost of electricity arising from the failure of the Solar Panels could easily exceed the cost of the SANYO Panels themselves.  The provision purportedly eliminating the right to recover the cost of replacement electricity is especially unfair in light of SANYO's prominent claim that installation of the SANYO Panels will reduce or eliminate electricity bills.

41.    Furthermore, contrary to the clear language of the "Limited Power Output Warranty," wherein SANYO promises and agrees that "SANYO or its designated representative shall conduct measurements to determine the actual power output of the product," SANYO has and continues to refuse to pay for the costs to "conduct measurements" related to the power output."

42.    The failure and refusal of SANYO to pay, as promised, for the power output measurement, a condition imposed by SANYO to qualify under its warranty, places a substantial and costly burden on Plaintiffs and all potential class members and constitutes a breach of the express and implied warranties.

43.    In addition, not only does SANYO refuse to pay the cost of the "power output degradation" of the product, the express warranty provides as follows:

44.    "SANYO's measurements shall be the sole determination for purpose of warranty settlement. If SANYO measures power loss under the warranted level and such power loss is the result of a product defect, as determined by SANYO in its sole and absolute discretion, SANYO will supplement the power output deficiency using of the following Limited Warranty Remedies."

**Table 1. Limited Power Output Warranty**

| Period | Remarks | Example |
|---|---|---|
| At the Time of Purchase | 100% of the Maximum Power (Pmax) stated in Product Data Sheets | 190.0 Watts |
| Within 10 Years from Purchase Date | 90% of the Minimum Power (Pmin) | 162.5 Watts |
| Within 20 Years from Purchase Date | 80% of the Minimum Power (Pmin) | 144.4 Watts |

Notes: Maximum Power (Pmax) and Minimum Power (Pmin) are measured under Standard Test Conditions of; Irradiance 1000 W/m$^2$, Cell Temperature 25ºC, and Air Mass 1.5g. The Minimum Power (Pmin) = 95% of Maximum Power (Pmax).

45.    In further breach of the express warranty, SANYO refuses to replace its defective SANYO Panels with like or similar "product."  The "product" is defined as all solar photovoltaic models within the SANYO HIP 200BA3 model series sold to Plaintiffs and the putative class.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1   SANYO unfairly and inappropriately breaches the warranty by replacing the defective "product",

2   not with SANYO panels, but with another type of solar panel not manufactured by SANYO.

3   SANYO, in fact, no longer has the "product," and uses solar panels manufactured by Panasonic.

4   The Panasonic Solar Panels are not the "product," and are not permitted under the warranty to be

5   used as replacement "products" and are different in size and color.  The use of non "product"

6   replacement panels has resulted in a mismatch of panels and creates a hodgepodge appearance

7   totally unacceptable to Plaintiffs and all putative class members and directly violates the terms of

8   the Warranty.

9          46.     The unfairness of these limitations in remedy are reinforced by unenforceable

10  provisions of the Warranty stating that it is the exclusive remedy for breach of warranty or for

11  manufacturing or design defects and the purported exclusion of implied warranties.  In fact,

12  Plaintiffs and the Class have substantial rights and remedies available to them both for breach of

13  implied and express warranty and for redress arising from the defective nature of the SANYO

14  Panels, which SANYO cannot lawfully preclude them from asserting.

15         47.     The provisions described above both individually and in combination, deprive

16  Plaintiffs and the Class of any effective remedy for breach of SANYO's obligations to them.

17         **IV.    PLAINTIFF'S INDIVIDUAL ALLEGATIONS**

18                 **A.    Dickert Facts**

19         48.     For many years, Plaintiffs Myra Dickert and Howard Dickert had been interested

20  in solar power as a way to reduce their electric bills and to save money.  The Dickerts spoke to

21  Gaurav Naik ("Naik") of Geogenix ("Geogenix") regarding the SANYO Panels and were advised

22  that the SANYO Panels were the best solar panels available on the market.  Plaintiffs paid extra

23  for what they were advised was a "premium" product.  Plaintiffs received copies of SANYO's

24  product data sheets, the Warranty and other promotional documents.

25         49.     Plaintiffs were told by Naik that the SANYO Panels would last for at least twenty

26  (20) years.  Indeed, the advertised savings calculations for the SANYO Panels assumed 30 years

27  and represented that the SANYO Panels would all but eliminate their electricity bill.

28  / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 11 -                                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

50. At that time, the Dickerts received the written materials, they reviewed them before agreeing to purchase the SANYO Panels. The written materials provided to the Dickerts included written calculations that indicated that the Dickerts could expect the savings on their electric bill to be One Thousand Three Hundred Eleven and 51/100 Dollars ($1,311.51) per year and Seventy-Three Thousand Five Hundred Sixty-Nine and 00/100 Dollars ($73,569.00) over the lifetime of the system. The written calculations also promised that the presence of the system would increase the value of Dickert's property by Twenty-Six Thousand Two Hundred and 00/100 Dollars ($26,200.00).

51. As a result of statements made by Geogenix and their review of the written SANYO materials obtained from Geogenix, the Dickerts formed the impressions that: (1) the SANYO Panels were safe and reliable; (2) the SANYO Panels would last for at least twenty (20) years; (3) the SANYO Panels would produce between 80 and 90 percent of their rated power for the years specified; (4) installation of the SANYO Panels would eliminate their electric bills and increase the value of her home; and (5) the SANYO Panels had a good "track record" of performance.

52. The Dickerts relied on the representations and warranties alleged above. If it were not for these representations and warranties, the Dickerts would not have purchased the SANYO Panels. If Naik, Geogenix, SANYO or any other person had informed the Dickerts of the defect and safety risk, they would not have installed the SANYO Panels at their home as other panels were readily available.

53. In September 2005, the Dickerts purchased a SANYO solar system from Geogenix to be installed at their residence in Mansfield, New Jersey. The total cost of the system was Twenty-Two Thousand Fifty-Nine and 00/100 Dollars ($22,059.00). The solar system consisted of forty-three (43) VBHBXXDA03 series SANYO Panels and was installed by Geogenix.

54. The Defect Warranty provided to the Dickerts is believed to have been for five (5) years. The Power Warranty was a 10-year warranty of ninety percent (90%) power output and a further 10-year warranty of eighty percent (80%) power output.

///

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 12 -                                                                Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

55. In or about 2016, the Dickerts had routine maintenance performed by Power Overhaul on their SANYO Panels. They were informed that their SANYO Panels were not properly functioning. As a result, for an unknown period of time, the power production of the panels on the Dickert's property was below the levels stated in the Power Warranty.

56. All of the SANYO Panels that failed at Dickert's residence were due to the same systemic and universal defect.

57. These failures result from a defect which constitutes a breach of the Defect Warranty. The inability of the Dickert's SANYO Panels to produce the represented power levels also resulted in a breach of the Power Warranty. Because of this fact and because the remaining SANYO Panels will fail within their useful life, the Dickerts have demanded that SANYO replace the entire solar system.

58. On or about November, 2016 Plaintiffs notified SANYO of twelve (12) failed panels and reduction in power output.

59. In response, SANYO refused to pay for damages for loss of power production, the cost of the removal and replacement of the racking system, or the cost of investigation of the defective panels. SANYO only agreed to replace eight (8) of the twelve (12) defective panels. Plaintiffs had to pay the sum of Six Hundred and 00/100 Dollars ($600.00) to Power Overhaul as labor costs to replace the defective panels. The Dickerts have incurred increased electricity bills that they would not have incurred if their system were functioning properly. Despite repeated requests, SANYO has refused to replace the defective system.

### B.    Facts Common to All Plaintiffs

60. SANYO's refusal to pay for: (1) testing of the SANYO Panels (2) "on-site labor and any costs associated with the "removal, reinstallation or transportation of [the SANYO Panels]" or (3) "any special incidental, consequential or punitive damages arising from the use or loss of use of or failure of [the SANYO Panels] to perform as warranted, including but not limited to damages for lost services, cost of substitute services, lost profits or savings" and the making of an offer amounting to no more than "the purchase price of the product" represents unlawful and wrongful enforcement of the Warranty Exclusions against Plaintiffs. Likewise, SANYO's

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 13 -                                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

insistence in this litigation that the exclusion of implied warranties referenced are valid also constitutes an attempt to enforce the Warranty Exclusions against Plaintiffs.

61.     The racking systems used to mount the SANYO Panels are not the same size as the racking systems that are used for products which can replace the SANYO Panels.  For this reason, the removal and replacement of the SANYO Panels cannot be accomplished without replacing the racking systems to which the SANYO Panels are attached.  This replacement damages the roof and, unless addressed by the installer, has a serious adverse effect on the appearance of the roof.

62.     SANYO refused to pay for the cost of testing the Solar Panels as required by the Warranty.  As a result, Plaintiffs were forced to pay the substantial cost of such testing and thereby has been damaged in an amount to be proven at trial.

**V.     CLASS ALLEGATIONS**

63.     The Class which Plaintiffs seek to represent in this action is composed of six (6) Subclasses defined as follows.

a.     **Original Purchaser Consumer Subclass:**  All persons or entities in the United States who purchased and installed SANYO Panels.

b.     **Original Purchaser Subclass:**  All persons or entities who purchased and installed SANYO Panels in California.

c.     **Original Purchaser Subclass:**  All persons or entities who purchased and installed SANYO Panels in New Jersey.

d.     **Subsequent Title Holder Subclass:**  All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in the United States on which the SANYO Panels were originally installed.

e.     **Subsequent Title Holder Subclass:**  All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in California on which the SANYO Panels were originally installed.

f.     **Subsequent Title Holder Subclass:**  All persons who purchased private residences, buildings, or ground mounted SANYO solar systems in New Jersey on which the SANYO Panels were originally installed.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 14 -                                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

64.     Excluded from the Class are Defendants, any entity in which any Defendant has a controlling interest, and Defendants' legal representatives, heirs and successors, and any judge to whom any aspect of this case is assigned, and any member of such a judge's immediate family. Claims for personal injury are excluded from the claims of the Class.

65.     Plaintiffs reserve the right to modify or amend the Class definition, as appropriate.

66.     Individual and representative Plaintiffs bring this lawsuit as a class action, on behalf of themselves and all others similarly situated, in part, pursuant to California Code of Civil Procedure § 382 ("CCP § 382").

67.     Under CCP § 382 a class action is proper where the Class is ascertainable, there is a well-defined community of interest among class members, the question is one of a common or general interest or the parties are numerous and it is impracticable to bring them all before the court.

68.     Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of their claims on a class-wide basis and because this case meets the requirements of and CCP § 382.

69.     **Numerosity.**  The members of the Class are so numerous that individual joinder of all the members is impracticable.  Plaintiffs are informed and believe, and thereon allege, that there are at least thousands of purchasers who have been damaged by the conduct alleged herein.

70.     **Commonality and Predominance.**  This action involves common questions of law and fact which predominate over any questions affecting individual class members including, without limitation, the following:

a.     Whether Defendant SANYO breached its express warranties to Plaintiffs and the Class;

b.     Whether Defendant SANYO breached its implied warranties to Plaintiffs and the Class;

c.     Whether Plaintiffs and the Class are entitled to compensatory damages, and the amount of such damages; and

d.     Whether Defendants should be declared financially responsible for the costs and

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1     expenses of removal and replacement of all SANYO Panels as well as

2     compensation for the lost energy generation capacity of the SANYO Panels.

3     71.    **Typicality.**  Plaintiffs' claims are typical of the claims of the Class because

4 Plaintiffs, like all members of the Class, have been damaged by Defendants' unlawful conduct, in

5 that Plaintiffs will incur the cost of removing and replacing the defective SANYO Panels, and

6 have and will incur the increased costs of electricity resulting from the loss of electricity

7 generation during the period between the failures and replacement.  The factual basis and causes

8 of action for Plaintiffs' claims are common to all members of the Class and represent a common

9 course of misconduct resulting in injury to all Class members.

10     72.    **Adequacy of Representation.**  Plaintiffs are an adequate representative of the

11 Class because their interests do not conflict with the interests of the Class and they have retained

12 counsel competent and experienced in complex class action litigation and who specializes in class

13 actions involving defective construction products.   Plaintiffs intend to prosecute this action

14 vigorously and the interests of the Class will be fairly and adequately protected by Plaintiffs and

15 their counsel.

16     73.    **Superiority.**  A class action is superior to all other available means for the fair and

17 efficient adjudication of this controversy in that:

18     a.    The prosecution of separate actions by individual members of the Class would

19          create a foreseeable risk of inconsistent or varying adjudications which would

20          establish incompatible results and standards for Defendants;

21     b.    Adjudications with respect to individual members of the Class would, as a

22          practical matter, be dispositive of the interests of the other members not parties to

23          the individual adjudications or would substantially impair or impede their ability to

24          protect their own separate interests;

25     c.    Class action treatment avoids the waste and duplication inherent in potentially

26          thousands of individual actions, and conserves the resources of the courts; and

27     d.    The claims of individual class members are not large when compared to the cost

28          required to litigate such claims.  The individual Class members' claims are on

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 16 -

Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

average approximately Twenty Thousand Dollars ($20,000.00) to Twenty-Five Thousand Dollars ($25,000.00).  Given the high cost of litigation, it would be impracticable for the members of the Class to seek individual redress for Defendants' wrongful conduct.  The class action device provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.  The case presents no significant management difficulties which outweigh these benefits.

## VI.    **DAMAGE**

74.    As a result of the facts alleged herein, Plaintiffs and the Class have been damaged in an amount equal to the difference in value between the Solar Panels had they been as represented by SANYO and the value of the SANYO Panels as actually delivered by SANYO.  In addition, Plaintiffs and the Class have been or will be compelled to incur cost and expense to, *inter alia*, investigate the reasons for the failure of their SANYO Panels, remove and replace the SANYO Panels, and pay increased electricity costs resulting from the loss of electricity generated by the SANYO Panels.  These amounts include sums necessary to repair damage to the roof which occurs because the mounts for the SANYO Panels must be removed, as well as the cost of building permits and the cost to replace the inverters for the solar system.

## VII.    **STATUTE OF LIMITATIONS ISSUES**

75.    The defect does not become apparent until a sufficient number of SANYO Panels have had a degradation of power or failed, resulting in a loss of power and an increase in utility bills.  Even when such failures occur, it is difficult for members of the Class to determine the actual cause of the failure.   Accordingly, Plaintiffs did not and members of the Class do not become aware of the misrepresentations and breaches of warranty alleged herein until the defects in the SANYO Panels become manifest and the property owner does sufficient investigation to identify the source of the problem.  Accordingly, the statute of limitations for the claims asserted herein does not commence to run until some period of time after the SANYO Panels have failed.

76.    For the reasons addressed above, SANYO was under a continuous duty to disclose to distributors, sellers, installers and end users, including Plaintiffs and the Class, the defect, the

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 17 -                                                                Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1   safety issues related thereto, and the existence of numerous returns of product related to the

2   defect.

3       77.     Despite this duty, SANYO has not made any general disclosure of the defect, at

4   which time it made misleading and inaccurate disclosures concerning the extent and severity of

5   the defect and the products affected by it.  Nor did SANYO disclose the safety risk associated

6   with the defect.

7       78.     Plaintiffs and the Class reasonably relied upon SANYO's concealment of the

8   defect and its representations concerning the quality of the SANYO Panels.  As a result of this

9   reliance, Plaintiffs and members of the Class failed to assert claims against SANYO until they

10  became aware of the failure of the SANYO Panels and its cause.  Accordingly, SANYO is

11  estopped to rely on any statutes of limitation in defense of this action.

12                              **FIRST CLAIM FOR RELIEF**
13                          **(For Breach of Express Warranty)**

14      79.     Plaintiffs incorporate by reference each allegation set forth in the preceding

15  paragraphs.

16      80.     As relevant, Plaintiffs refer to the specific factual allegations supporting each

17  element of the claim alleged herein.

18      81.     SANYO made the written express warranties described herein.

19      82.     SANYO is not entitled to enforce the Warranty Exclusions described herein

20  because they are unconscionable and violate the provisions of applicable law including, without

21  limitation, the Song-Berly Consumer Warranty Act and the Magnuson – Moss Warranty Act.

22      83.     Because the SANYO Panels either have failed or are certain to fail within their

23  expected useful life, SANYO is in breach of both the Defect Warranty and the Power Warranties

24  contained in the Warranty.  Warranties to Plaintiffs and the Class have also been breached

25  because the SANYO Panels have failed or will fail within their useful life.

26      84.     SANYO has failed to remedy the breach of the Warranty for either Plaintiffs or the

27  Classes.

28  / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

85.     Although Plaintiffs do not believe that notice to SANYO of its breaches of warranty are required under applicable law, Plaintiffs have notified SANYO of its breaches of the Warranty.  Plaintiffs provided SANYO with timely notice on behalf of the Class of the breach of the Warranty and the invalidity of the Warranty Exclusions alleged herein.

86.     Further notice to SANYO of its breach of the Warranty would be futile because SANYO is aware of and has acknowledged the defects in the SANYO Panels and, because it no longer manufactures the SANYO Panels, it cannot provide to Plaintiffs and the Class any remedy. The only remedy to Plaintiffs and the Class is the replacement of all SANYO Panels with other suitable panels.

87.     As a result of SANYO's breach of the Warranty and the warranties detailed herein, Plaintiffs and the Class have suffered damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
**(Breach of Express Warranty - Magnuson-Moss Warranty Act)**

88.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

89.     The allegations of this Claim for Relief are based on the breaches of warranty addressed fully in the First Claim for Relief.  The specific allegations of the Complaint relevant to that claim are detailed therein.

90.     The SANYO Panels are a consumer product as defined in 15 U.S.C. § 2301(1).

91.     Plaintiffs and the members of the Consumer Subclasses are consumers as defined in 15 U.S.C. § 2301(3).

92.     SANYO is a supplier and warrantor as defined in 15 U.S.C. § 2301(4) and (5).

93.     The Warranty contains "written warranties" within the meaning of 15 U.S.C. § 2301(6).

94.     As alleged previously, SANYO has breached the Warranty.

95.     Additionally, pursuant to 15 U.S.C. § 2304(d)(1), SANYO may not assess Plaintiffs or the Consumer Subclasses any costs the warrantor or his representatives incur in connection with the required remedy of a warranted product…[I]f any incidental expenses are

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 19 -                                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

incurred because the remedy is not made within a reasonable time or because the warrantor imposed an unreasonable duty upon the consumer as a condition of securing remedy, then the consumer shall be entitled to recover reasonable incidental expenses which are so incurred in any action against the warrantor."  SANYO has refused to pay all costs associated with the inspection, diagnosis of power output defect, removal and replacement of the SANYO Panels.

96.     Plaintiffs have provided SANYO with notice of breach of the Warranty and a reasonable opportunity to cure the breach.  In addition, the Notice afforded SANYO notice on behalf of the Consumer Subclasses of its breach of the Warranty and a reasonable opportunity to remedy the breach.  SANYO has failed to remedy the breach of its obligations to the Consumer Subclasses under the Warranty.

97.     Further notice to SANYO of its breach of the Warranty would be futile because SANYO is aware of and has acknowledged the defects in the SANYO Panels and, because it no longer manufactures the SANYO Panels, it cannot provide to Plaintiffs and the Consumer Subclasses any remedy other than replacement of the SANYO Panels with other panels.

98.     As a result of SANYO's breach of the Warranty, Plaintiffs and the Consumer Subclasses have been damaged in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Breach of Express Warranty under Song-Beverly Consumer Warranty Act)

99.     Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

100.     The allegations of this Claim for Relief are based on the breaches of warranty addressed herein above.  The specific allegations of the Complaint relevant to that claim are detailed therein.

101.     The SANYO Panels are consumer goods within the meaning of California's Song-Beverly Consumer Warranty Act.

102.     SANYO is a "manufacturer" within the meaning of the statute.

103.     Plaintiffs and members of the Consumer Subclasses purchased SANYO Panels within the State of California.

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999
- 20 -
Case No.
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

104.   As alleged previously, SANYO breached the Warranty.

105.   Plaintiffs have provided SANYO with notice of breach of the Warranty and a reasonable opportunity to cure the breach.  In addition, the Notice afforded SANYO notice on behalf of the Consumer Subclasses of its breach of the Warranty and a reasonable opportunity to remedy the breach.  SANYO has failed to remedy the breach of its obligations to the Consumer Subclasses under the Warranty.

106.   Further notice to SANYO of its breach of the Warranty would be futile because SANYO is aware of and has acknowledged the defects in the SANYO Panels and, because it no longer manufactures the SANYO Panels, it cannot provide Plaintiffs and the Consumer Subclasses any remedy other than replacement of the SANYO Panels with other panels.

107.   As a result of SANYO's breach of the Warranty, Plaintiffs and the Classes have been damaged in an amount to be proven at trial.

## FOURTH CLAIM FOR RELIEF
### (Breach of Implied Warranty For Original Purchasers)

108.   Plaintiffs incorporate by reference each allegation set forth in the preceding paragraphs.

109.   As relevant, Plaintiffs refer to the specific factual allegations supporting each element of the claim alleged herein.

110.   The sale by Defendants of the SANYO Panels was accompanied by implied warranties that the SANYO Panels were merchantable and fit for the ordinary purpose for which such products were sold (the "Implied Warranties").

111.   SANYO issued the Warranty to the Dickerts and the Initial Purchaser Subclass. SANYO extended the benefit of the Warranty to members of the Subsequent Purchaser Subclass. SANYO is therefore in direct privity with each Plaintiff and all members of the Class.

112.   Further, the Implied Warranties incorporated into the transaction between SANYO and its immediate purchasers (the "SANYO Buyers") were intended solely to benefit Plaintiffs and the Class.  Plaintiffs and the Class are therefore entitled to enforce the Implied Warranties against SANYO.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

113.     This intent is evidenced, *inter alia*, by the fact that the written Warranty issued by SANYO extends not only to end users but to their successors.  Further, the Implied Warranties made by SANYO to the SANYO Buyers would be of no economic value to the SANYO Buyers unless Plaintiffs and Class received the benefit of such warranties.  The SANYO Buyers are not users of the SANYO Panels. The economic benefit of implied warranties made by SANYO to the SANYO Buyers depends on the ability of end users who buy their products to obtain redress from SANYO if the warranties are breached.

114.     Under *Gilbert Financial Corp. v. Steelform Contracting Co*. (1978) 82 Cal.App. 3d 65, the Implied Warranties made by SANYO to the SANYO Buyers are enforceable whether or not Plaintiffs or the Class were in privity of contract with SANYO.

115.     Defendants breached the Implied Warranties in that the SANYO Panels are: (1) not fit for their intended use and (2) not of merchantable quality.  The SANYO Panels are neither merchantable nor fit for their intended use as power replacement because: (1) the latent defect in the SANYO Panels insures that they will fail well before the end of their useful life and therefore fail to produce electricity; and (2) purchasers of solar panels would not accept the risk of fire posed by the SANYO Panels when there are other products for sale which do not present this risk.

116.     Although Plaintiffs do not believe that notice to SANYO of its breaches of warranty are required under applicable law, Plaintiffs have notified SANYO of its breaches of the Warranty.  In addition, Plaintiffs and the Class provided SANYO with timely notice on behalf of the Class of the breach of the Warranty and the invalidity of the Warranty Exclusions alleged herein.

117.     Further notice to SANYO of its breach of the Implied Warranties would be futile because SANYO is aware of and has acknowledged the defects in the SANYO Panels and, because it no longer manufactures the SANYO Panels, it cannot provide to Plaintiffs and the Class any remedy other than replacement of the SANYO Panels with other panels manufactured by others.

118.     Because the SANYO Panels either have failed or are certain to fail within their expected useful life, SANYO is in breach of both the Defect Warranty and the Power Warranties

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 22 -                                                                          Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    contained in the Warranty issued to the Plaintiffs.

2         119.    SANYO has failed to remedy the breach of the Warranty for either Plaintiffs or the

3    Class.

4         120.    As a result of the breach of the Implied Warranties, Plaintiffs and the Class have

5    been damaged in an amount to be proven at trial.

6                        **FIFTH CLAIM FOR RELIEF**
                **(Breach of Implied Warranty - Magnuson-Moss Warranty Act)**
7

8         121.    Plaintiffs incorporate by reference each allegation set forth in the preceding

9    paragraphs.

10        122.    The allegations of this Claim for Relief are based on the breaches of warranty

11   alleged herein above.

12        123.    Plaintiffs and the Consumer Subclasses are consumers as defined in 15 U.S.C. §

13   2301(3).

14        124.    Defendants are suppliers and warrantors as defined in 15 U.S.C. § 2301(4) and (5).

15        125.    The SANYO Panels are consumer products as defined in 15 U.S.C. § 2301(1).

16        126.    Under 15 U.S.C. § 2301(7), Defendants extended the Implied Warranties to

17   Plaintiffs and the Consumer Subclasses.

18        127.    Defendants breached the Implied Warranties by selling SANYO Panels that were

19   neither merchantable nor fit for their intended purpose.

20        128.    Under 15 U.S.C. § 2310(e), notice of breach of warranty need not be provided

21   until after Plaintiffs have been appointed Consumer Subclasses Representatives.

22        129.    Plaintiffs have provided SANYO with notice of breach of the Implied Warranties

23   and a reasonable opportunity to cure the breach.  In addition, the Notice afforded SANYO notice

24   on behalf of the Consumer Subclasses of its breach of the Implied Warranties and a reasonable

25   opportunity to remedy the breach.  SANYO has failed to remedy the breach of its obligations to

26   the Consumer Subclasses under the Implied Warranties.

27   / / /

28   / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 23 -                                    Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

1    130.    As a result of Defendants' breach of the Implied Warranties, Plaintiffs and the

2    Classes have been damaged in an amount to be proven at trial.

3                        **SIXTH CLAIM FOR RELIEF**
      **(Breach of Implied Warranty under Song-Beverly Consumer Warranty Act)**
4

5    131.    Plaintiffs incorporate by reference each allegation set forth in the preceding

6    paragraphs.

7    132.    The allegations of this Claim for Relief are based on the breaches of warranty

8    addressed fully herein.  The specific allegations of the Complaint relevant to that claim are

9    detailed therein.

10    133.    Under the Song-Beverly Consumer Warranty Act, Civ. Code § 1792 *et seq.*, every

11    sale of consumer goods in the State of California is accompanied by both a manufacturer's and

12    retail seller's implied warranty that the goods are merchantable.

13    134.    The SANYO Panels are consumer goods within the meaning of the statute.

14    135.    Defendant SANYO is a "manufacturer" within the meaning of the statute.

15    136.    Plaintiffs and members of the Consumer Subclasses purchased SANYO Panels in

16    the State of California.

17    137.    By operation of law, SANYO made the Implied Warranties to Plaintiffs and the

18    Consumer Subclasses concerning the SANYO Panels.

19    138.    SANYO has breached the Implied Warranties by selling SANYO Panels which

20    were not of merchantable quality and which failed to perform the tasks for which they were

21    intended.

22    139.    Plaintiffs and all other Consumer Subclasses Members do not have to be in privity

23    with any Defendant in order to enforce the Implied Warranties.  Civil Code § 1792, which

24    provides that "[u]nless disclaimed in the manner prescribed by this chapter, every sale of

25    consumer goods that are sold at retail in this state shall be accompanied by the manufacturer's and

26    the retail seller's implied warranty that the goods are merchantable," has no privity requirement.

27    / / /

28    / / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 24 -                                                                Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

140.    Further, Plaintiffs and the Class are intended beneficiaries of the Implied Warranties between SANYO and the SANYO Buyers and are therefore entitled to enforce the Implied Warranties against SANYO.

141.    Plaintiffs have provided SANYO with notice of breach of the Implied Warranties and a reasonable opportunity to cure the breach.  In addition, the Notice afforded SANYO notice on behalf of the Consumer Subclasses of its breach of the Implied Warranties and a reasonable opportunity to remedy the breach.  SANYO has failed to remedy the breach of its obligations to the Consumer Subclasses under the Implied Warranties.

142.    Further notice to SANYO of its breach of the Implied Warranties would be futile because SANYO is aware of and has acknowledged the defects in the SANYO Panels and, because it no longer manufactures the SANYO Panels, it cannot provide to Plaintiffs and the Class any remedy other than replacement of the SANYO Panels with other panels.

143.    As a result of Defendants' breaches of the Implied Warranties, Plaintiffs and Consumer Subclasses Members have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, pray the Court to certify the Class as defined hereinabove, to enter judgment against Defendants and in favor of the Class, and to award the following relief:

1.    For Certification of the proposed Class and each Subclass thereof;

2.    For compensatory damages as alleged herein, according to proof;

3.    For an injunction enjoining SANYO from enforcing, threatening to enforce or claiming the right to enforce any of the Warranty Exclusions and from further pursuit of the Claims Suppression Strategy, including a requirement that: (1) SANYO advise consumers affirmatively of their rights to all damages to which they are lawfully entitled; (2) SANYO make full disclosure to all members of the Class concerning the risk of fire resulting from the failure of the SANYO Panels and advise members of the Class how they can determine if their SANYO Panels have failed;

/ / /

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 25 -                                                            Case No.

CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION

4.    For costs and attorneys' fees, as allowed by law; and

5.    For such other further legal or equitable relief as this Court may deem appropriate under the circumstances.

Dated: August 2, 2018                              BIRKA-WHITE LAW OFFICES

                                                   By:____/s/ David M. Birka White_____
                                                        DAVID M. BIRKA-WHITE


                                                   John D. Green (State Bar No. 121498)
                                                   jgreen@fbm.com
                                                   **FARELLA BRAUN & MARTEL LLP**
                                                   235 Montgomery Street, Suite 1700
                                                   San Francisco, CA 94104
                                                   Telephone: (415) 954-4400
                                                   Facsimile:  (415) 954-4480

                                                   Charles E. Schaffer
                                                   **LEVIN SEDRAN & BERMAN, LLP**
                                                   510 Walnut Street, Suite 500
                                                   Philadelphia, PA 19106
                                                   Telephone: (215) 592-1500
                                                   Facsimile:  (215) 592-4663
                                                   Email: cschaffer@lfsblaw.com

                                                   Attorneys for Individual and Representative
                                                   Plaintiffs MYRA DICKERT and HOWARD
                                                   DICKERT

## PLAINTIFFS' DEMAND FOR JURY TRIAL

Plaintiffs MYRA DICKERT and HOWARD DICKERT, on behalf of themselves and all others similarly situated, by and through their counsel, hereby demand a jury trial of all issues in the above-captioned matter.


Dated: August 2, 2018                              BIRKA-WHITE LAW OFFICES

                                                   By:___/s/ David M. Birka-White_____
                                                        DAVID M. BIRKA-WHITE

                                                   *Attorneys for Individual and Representative
                                                   Plaintiffs* MYRA DICKERT and HOWARD
                                                   DICKERT, on behalf of themselves and all
                                                   others similarly situated

Birka-White Law Offices
178 E. Prospect Avenue
Danville, CA 94526
(925) 362-9999

- 26 -                                         Case No.
CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTION