UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRA DICKERT, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>SANYO ENERGY (U.S.A.) CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-04664-EMC<br><br>**ORDER RE JURISDICTIONAL DISCOVERY** |

　　　　Plaintiffs Myra Dickert and Howard Dickert ("Plaintiffs") bring suit against Sanyo Energy (U.S.A) Corporation ("Sanyo Energy"), Sanyo North America Corporation ("Sanyo NA"), and Panasonic Corporation of North America ("Panasonic," and collectively "Defendants") in connection with allegedly defective solar panels manufactured and marketed by Sanyo Energy. Defendants moved to dismiss the first amended complaint arguing, *inter alia*, that the Court lacks personal jurisdiction over Panasonic. *See* Docket No. 38 at 25. At the March 8, 2019 hearing on the motion to dismiss, Plaintiffs sought leave to take limited jurisdictional discovery.

　　　　"A district court is vested with broad discretion to permit or deny [jurisdictional] discovery." *Laub v. U.S. Dep't of the Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003). "Such discovery 'should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary.'" *Id.* (quoting *Butcher's Union Local No. 498 v. SDC Inv., Inc.*, 788 F.2d 535, 540 (9th Cir. 1986)). In this district, courts have held that "a plaintiff need not make out a prima facie case of personal jurisdiction before it can obtain jurisdictional discovery." *Calix Networks, Inc. v. Wi–Lan, Inc.*, No. 09–cv–06038–CRB (DMR), 2010 WL 3515759, at *4 (N.D. Cal. Sept. 8, 2010). "Rather, a

plaintiff must present a 'colorable basis' for jurisdiction, or 'some evidence' constituting a lesser showing than a prima facie case." *Id.* (citations omitted).

Plaintiffs here have presented a colorable basis for the Court to assert jurisdiction over Panasonic for their claims relating to Defendants' alleged breach of the solar panels' warranty and misrepresentations about the panels and the warranty. For instance, on July 18, 2018 Plaintiffs sent a letter titled "Notice of Violation of Consumer Legal Remedies Act and Breach of Warranty" to an address in Cupertino, California, where they claim it was received by Panasonic. *See* Docket No. 37, Exh. D. They allege that "the planning of warranty, related marketing strategies, and the implementation of warranty policies were coordinated at, emanated from and were developed" in California. Docket No. 37 ¶ 359. They further point to Defendants' statement at the hearing that Plaintiffs should have sent their warranty claim to the San Diego, California address listed on the solar panels' Limited Warranty. *See* Docket No. 37, Exh. A § 5. In response, Defendants point out that, according to the first amended complaint, Panasonic is a Delaware corporation with its principal place of business in New Jersey. Docket No. 37 ¶ 12. Defendants' counsel also called the Court's attention to an e-mail exchange submitted by Plaintiffs which suggests Panasonic processes warranty claims in Oregon, not California. Docket No. 37, Exh. C.

There are disputed facts that may be pertinent to the personal jurisdiction analysis. To successfully assert specific jurisdiction over Panasonic, Plaintiffs "must establish that [Panasonic] either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004). "A showing that a defendant purposefully availed himself of the privilege of doing business in a forum state typically consists of evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id.* (citing *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)); *see Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) (holding that in a breach of contract action, "the 'purposeful availment' requirement is satisfied if the defendant has taken deliberate action within the forum state or if he has created continuing obligations to forum residents") (citation omitted).

Based on the parties' conflicting representations about where Panasonic carries out its

warranty obligations, "pertinent facts bearing on the question of jurisdiction are controverted," and jurisdictional discovery is warranted. *Laub*, 342 F.3d at 1093. Plaintiffs may seek discovery for the limited purposes of determining (1) who at Panasonic makes decisions regarding warranty claims for solar panels manufactured by Sanyo Energy, including Plaintiffs' warranty claims, and where those decisions are made; and (2) who received Plaintiffs' July 18, 2018 letter and whether they had the authority to process warranty claims. The latter may inform the question of personal jurisdiction as well as questions regarding the adequacy and effect of pre-suit notice.

The parties are hereby **ORDERED** to meet and confer regarding the scope of jurisdictional discovery and a deadline for discovery. They should submit a stipulation and proposed order detailing the same no later than fourteen (14) days from the date of this order. If the parties cannot reach a stipulated agreement, they shall submit the dispute through a joint discovery letter brief filed no later than twenty-one (21) days from the date of this order in compliance with the Court's standing order.

**IT IS SO ORDERED**.

Dated: March 12, 2019

EDWARD M. CHEN
United States District Judge